THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOSEPH S. STERLING, Respondent.*

Third Department, July 11, 1939.

---

*John J. Bennett, Jr., Attorney-General [Joseph P. O'Connor, Assistant Attorney-General,* of counsel], for the appellant.

*Schwarte, Slade, Harrington & Goldsmith [John A. Slade* of counsel], for the respondent.

BLISS, J. This is an action to recover penalties for violations of section 62 of the Conservation Law. This section reads as follows:

" Section 62. Use of signs and advertising structures and devices restricted. In order to conserve the natural beauty of the Adirondack park and to preserve and regulate the said park for public uses for the resort of the public for recreation, pleasure, air, light and enjoyment and to keep it open, safe, clean and in good order for the welfare of society, no person shall erect or maintain within the boundaries thereof any advertising sign or advertising structures or devices of any kind, except under written permit from the department. The provisions of this section shall not apply to signs erected or maintained upon property in connection with a business conducted thereon, or within the limits of an incorporated village."

The answer admits the ownership and maintenance without a permit from the department of some of the advertising signs which the complaint claims to be violations of the statute. It also alleges that the contracts or leases under which these advertising signs were erected were entered into before May 1, 1924, and that the signs and billboards were legal at the time of their erection and are of proper and safe construction and do not in any way offend against any of the purposes mentioned in section 62. It further claims that section 62 is unconstitutional. As a separate defense the answer sets up that no rules for the issuance of licenses or permits under section 62 have been promulgated by the Conservation Commission, that no such licenses or permits have been granted and that the statute is being used and intended to be used by the Commission as an absolute prohibition of all signs and billboards, including those of the defendant, that the defendant was under no obligation to apply for a license because he was advised by the Conservation Commission of the State of New York that no permit would be issued to him for his advertising signs or billboards, if one was applied for.

It is to be observed that the statute itself seeks to preserve and regulate only a certain zone within the State, that it recites as its

object certain purposes which are legitimate objects of attainment under the police power and that it is regulatory and not prohibitory.

The statute on its face purports to accomplish objects which are legitimately within the police power and bear a reasonable relation to such accomplishment. Consequently it is not void on its face.

The requiring of a permit before the erection and maintenance of such signs is not improper restriction. (*City of New York* v. *Wineburgh Advertising Co.*, 122 App. Div. 748; *People ex rel. Lodes* v. *Department of Health*, 117 id. 856.)

Apparently the May 1, 1924, date has reference to the effective date of chapter 512 of the Laws of 1924, by which statute the predecessor of present section 62 first came into the Conservation Law, it being the defendant's theory that the existence of the advertising signs prior to that date constituted a vested right of which the statute constitutionally could not deprive him. As to this allegation that these particular structures were in existence prior to May 1, 1924, that is an issue of fact which can be determined only on the trial.

One of the defenses is that the statute is being used by the Conservation Commission to prohibit all advertising signs within the Adirondack Park. This is deemed to be controverted. We must assume that the Conservation Department will comply with the statute and issue permits for structures which do not offend against the statute and that it will not exceed its authority by refusing to grant all permits. Likewise it is apparent that the person erecting or maintaining such structures must comply with the statute by making application for such permit. As to the alleged futility of an application for the permits, this again is an issue of fact and its sufficiency as a defense may well depend upon the proof itself. Clearly some sort of negotiations have been had by the Department and the defendant, for the answer states that the defendant has been advised by the Department that no permit would be issued for these billboards if applied for. Here again the facts should be established by a trial.

I believe there are several issues of fact here which should first be tried.

The order should be affirmed, with ten dollars costs and disbursements.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur.

Order affirmed, with costs.